Mathews, J.
delivered the opinion of the court. This is an action to compel the defendant to refund to the plaintiffs one half of the amount 0f a custom-house bond, in which he 1 was bound with them as surety for M‘Masters <& Co. who failed to pay it, when it became due, and who have since become insolvent. The plaintiffs having paid the whole, now' claim one half thereof from the defendant, their co-surety.
Their right to recover is contested on the ground of the United States having a lien on the cargo, the duties on which were secured by the bond, which was put, by the principal obli-gor, in the possession of the plaintiffs. No objection is made to their right of action.
There cannot be any doubt that when bonds are given to secure the payment of duties on *445 merchandize, in conformity with the laws of the . . United States, the importer is at liberty to dispose of it as he pleases, and there exists no lien on it, in the hands of a bona-fide third possessor, in his own right.
In the present case, it appears from the testimony, that the cargo was placed in the hands of the plaintiffs and appellees, to secure them for advances which they had made to M‘Masters & Co., and not as security for the payment of the custom-house bond; a great proportion of it has been sold and the proceeds applied to the discharge of these advances.
This contract is presumed to have taken place before the failure of the persons for whom the parties to the suit are sureties, and the fairness of the transaction is not to be questioned. Whether they would have a right to retain the part of the goods which still remains in their possession, in kind, against a privileged creditor of the insolvents, may be questioned. But the defendant and appellant cannot be considered as a creditor till he shall have paid his part of the bond, in which he is a co-surety with the plaintiffs. What privilege he may then acquire by subrogation to the right of the United States, it is needless now to inquire.
We are of opinion, that the plaintiffs and an- *446 pellees, having paid the whole amount of the , , , . . , , , . , bond, tor the principal debtors, who are msol-vent, have an equitable right to be reimbursed jjy their co-surety, the sum for which he became responsible.
Grymes for the plaintiffs, Duncan for the defendant.
It is, therefore, ordered, adjudged and decreed, that the judgment of the.district court be affirmed with costs.